IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William E. Stephenson, | : | |
| Plaintiff | : | Civil Action 2:06-cv-352 |
| v. | : | Judge Frost |
| Roger D. Howard, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Report and Recommendation

Plaintiff William E. Stephenson brings this action alleging that defendant Roger D. Howard, a Columbus Police Officer, libeled and slandered him. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief and, therefore, recommends dismissal of the complaint.

The complaint fails to allege a short and plain statement of the grounds upon which the Court's subject matter jurisdiction depends as required by Rule 8(a)(1), Feder-al Rules of Civil Procedure. It does allege that defendant Howard published false infor-mation to Columbus Crime Stoppers and that he libeled, slandered, and defamed Stephenson. The exact nature of the

alleged defamation is not clearly stated. Attached to the complaint are two criminal complaints filed against Stephenson and an indict-ment returned charging him with related felony offenses. Apparently, Stephenson entered into a plea bargain concerning the felony charges, and the Municipal Court complaints were dismissed as part of that plea bargain.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the com-plaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. If plaintiff is asserting an Ohio law defamation claim, this Court does not have subject matter jurisdiction because both plaintiff and defendant are residents of Ohio. See, 28 U.S.C. § 1332. If the claim is brought under 42 U.S.C. § 1983, defama-tion is not actionable. *Siegert v. Gilley,* 500 U.S. 226, 233-34 (1991); *Paul v. Davis,* 424 U.S. 693, 701-02 (1976). To the extent the complaint may be attempting to plead that the facts asserted in the affidavits in support of the criminal complaints were not true, the grand jury found probable cause to believe that Stephenson committed felonies. That is *prima facie* evidence that there is probable cause to believe that Stephenson committed crimes when he went to the home of the mother of his child on December 23, 2004. *See, Harris v. United States,* 422 F.3d 322, 328 (6th Cir. 2005). The

complaint appears to assert that Howard should not have relied on the victims' statements to establish probable cause to believe Stephenson committed criminal offenses; however, it does not contain any con-trary factual information. Officers are allowed to rely on victims' statements in determ-ining whether there is probable cause to believe a suspect committed a crime. *Radvan-sky v. City of Olmsted Falls,* 395 F.3d 291, 307-08 (6th Cir. 2005); *Ahlers v. Schebil,* 188 F.3d 365, 372 (6th Cir. 1999). Finally, Stephenson entered into a plea bargain regarding the crimes charged in the indictment.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to contain a short and plain statement of the basis for the Court to exercise subject matter jurisdiction and it fails to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that plaintiff's application to proceed without pre-payment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order. Defendant Howard need not answer or otherwise respond to the complaint unless and until the Court enters an order refusing to adopt the Report and Recom-mendation.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in ques-tion, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to defendant Roger D. Howard.

s/Mark R. Abel
United States Magistrate Judge
